**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAWRENCE DEAN LARUE,

                    Plaintiff,

vs.                                      Case No. 3:15-cv-444-J-34JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

Lawrence Dean LaRue ("Plaintiff"), proceeding pro se, is appealing the Commissioner

of the Social Security Administration's final decision denying his claim for disability insurance

benefits ("DIB").  Plaintiff's alleged inability to work is a result of a motorcycle accident in

December 2009 that left him unconscious for two weeks and caused "broken ribs, [a]

broke[n] left arm," a "broken pelvis," "memory problems [and difficulty] concentrat[ing]," and

left Plaintiff "weak[.]"  Transcript of Administrative Proceedings (Doc. No. 23; "Tr." or

"administrative transcript"), filed September 4, 2015, at 439.  On February 17, 2010, Plaintiff

filed an application for DIB, alleging an onset disability date of December 26, 2009.  Tr. at

---

      [1]      "Within 14 days after being served with a copy of [a report and recommendation on a
dispositive issue], a party may serve and file specific written objections to the proposed findings and
recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within
14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the
proposed findings and recommendations alters the scope of review by the District Judge and the United
States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to
which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir.
R. 3-1; Local Rule 6.02.

389-90.  Plaintiff's application was denied initially, see Tr. at 105, 130-32, 461, and was denied upon reconsideration, see Tr. at 106, 138-39, 473.

On January 24, 2012, an Administrative Law Judge ("ALJ) held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 79-104.  On February 10, 2012, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision.  Tr. at 110-19.  Plaintiff, through counsel, then sought review of the ALJ's decision.  Tr. at 213-14.  On May 16, 2013, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the matter for further proceedings.  Tr. at 126-28.  Thereafter, Plaintiff wrote to the Administration indicating that he no longer wished to be represented by his then counsel of record.  Tr. at 233, 507 (duplicate); see also Tr. at 236-37.

On July 24, 2014, the ALJ held a second hearing during which Plaintiff represented himself.  Tr. at 47-78.  During the hearing, Plaintiff, a vocational expert ("VE"), and a medical expert ("ME") testified.  Tr. at 47-78.  Following the hearing, on July 30, 2014, the ALJ issued a second decision ("Decision"), finding Plaintiff not disabled through June 30, 2012, the date Plaintiff was last insured for DIB.  Tr. at 19-35.

Plaintiff then submitted additional evidence to the Appeals Council in the form of correspondence and medical records, Tr. at 8-11, 538-74, 2027-52, and requested that the Appeals Council review the ALJ's Decision, Tr. at 12-14.  On January 7, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 4-7, thereby making the ALJ's Decision the final decision of the Commissioner.  On April 7, 2015, Plaintiff commenced this action

under 42 U.S.C. § 405(g) by timely[2] filing a "Notice and Petition for Case Review" (Doc. No. 1; "Complaint"), seeking judicial review of the Commissioner's final decision.

After a thorough review of the entire record and consideration of the parties' respective filings, which are discussed in detail below, the undersigned recommends that the Commissioner's final decision be affirmed for the reasons stated in this Report and Recommendation.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 22-35.  At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the

---

[2]      Plaintiff received an extension of time from the Appeals Council to file a civil action.  Tr. at 1.

[3]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

period from his alleged onset date of December 26, 2009 through his date last insured of

June 30, 2012." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that

"[t]hrough the date last insured, [Plaintiff] had the following severe impairments: status post

a hernia; multiple fractures as a result of a motorcycle accident; disorders of the knee, wrist,

and elbow; traumatic brain injury, affective disorder; memory impairment; and obesity." Tr.

at 22 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the

date last insured, [Plaintiff] did not have an impairment or combination of impairments that

met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404,

Subpart P, Appendix 1 [("Listings")]." Tr. at 22 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity

("RFC") through the date last insured:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except
> [Plaintiff] needs a sit-stand option (i.e., [Plaintiff] needs to be able to sit or stand
> at his option to perform the task that is assigned). [Plaintiff] needs to avoid
> ladders or unprotected heights. [Plaintiff] needs to avoid the proximity to heavy
> moving machinery. [Plaintiff] needs a low stress work environment with no
> production line. [Plaintiff] needs simple tasks. [Plaintiff] needs to avoid contact
> with the public. [Plaintiff] can occasionally bend, crouch, kneel, or stoop.
> [Plaintiff] needs to avoid squatting or crawling. [Plaintiff] needs to avoid
> repetitive twisting of the neck, and avoid the push/pull of arm controls.

Tr. at 24-25 (emphasis omitted). At step four, the ALJ found that "[t]hrough the date last

insured, [Plaintiff] was unable to perform any past relevant work" as a "Help Desk

Representative" and a "Software Specialist[.]" Tr. at 33 (some emphasis and citations

omitted). At step five, after considering Plaintiff's age ("49 years and 6 months of age on the

date last insured"), education ("at least a high school education"), work experience, and

RFC, the ALJ found that "[t]hrough the date last insured . . . there were jobs that existed in

significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 33 (some emphasis and citations omitted), including "Warehouse Checker," "Assembler, Small Parts," and "Ticketer," Tr. at 34.   The ALJ concluded that Plaintiff "was not under a disability . . . at any time from December 26, 2009, the alleged onset date, through June 30, 2012, the date last insured."  Tr. at 34 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff's appeal is out of the ordinary in that he raises very few, if any, specific points of alleged error on the part of the Administration.  The points that Plaintiff has raised are not supported by citation to legal authority or the administrative transcript.  In short, it appears he simply disagrees with the decision to deny his DIB application.  In discussing the instant appeal, the undersigned first summarizes the relevant history of the matter and the various opportunities that Plaintiff has had to raise points of alleged error, then the undersigned discusses the merits of the ALJ's Decision.

## A.  Relevant History

When Plaintiff initiated this case, he filed a hand-written Complaint seeking review of the Administration's final decision denying his application for DIB.[4]  In the Complaint, Plaintiff discussed a motorcycle accident in December 2009 that caused a number of impairments: "status post a hernia; multiple fractures[;] disorders of the knee, wrist, and elbow; traumatic brain injury[;] affective disorder; memory impairment; and the severe nerve damage to left elbo[w] and lower back."  Compl. at 2.  Plaintiff lamented that years after the accident, he was still being affected by various impairments, while others had healed.  Id. at 2-4. Plaintiff attributed some of his ongoing medical problems to a lack of medical insurance from the date of the accident through the filing of the Complaint.  Id.  Plaintiff further contended that his

---

[4]     At the time, Plaintiff was imprisoned at the Suwannee Correctional Institution Annex. Plaintiff has since been released from custody.

mental condition was "a major factor in his condition[.]"  Id. at 4.  Plaintiff attached to the Complaint a number of medical documents and some correspondence from the Administration, including part of the Appeals Council's initial remand Order and the Appeals Council's final Order denying review.  See Compl. at Exs. 1, 2.

On April 14, 2015, the undersigned entered an Order (Doc. No. 5) advising Plaintiff of some of his responsibilities as a pro se litigant in this Court.  Among other things, Plaintiff was advised of the following.  Plaintiff must follow the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Id. at 1.  Plaintiff would also be required to comply with the Court's Scheduling Order, "which sets forth the deadlines for the parties to file memoranda in support of their respective positions."  Id. at 4 (emphasis omitted).

On May 19, 2015, the undersigned entered an Order (Doc. No. 11) denying a request that Plaintiff had made for the Court to appoint counsel to represent him.  Then, on June 18, 2015, the undersigned granted Plaintiff's request to proceed in forma pauperis (Doc. No. 15).

After being served with process, Defendant appeared on September 4, 2015 by filing an Answer (Doc. No. 21) and the administrative transcript.  Thereafter, on September 9, 2015, the undersigned entered a Scheduling Order (Doc. No. 25) that directed Plaintiff to file a memorandum in support of the allegations contained in the Complaint by November 9, 2015, with Defendant's responsive memorandum being due January 8, 2016.  Plaintiff was advised:

> Plaintiff must identify with particularity the grounds upon which the administrative decision is being challenged.  Any such challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards.  Any contention for which these requirements are not met is subject to being disregarded for insufficient development.

Id. at 1.  Plaintiff then asked for and received an extension of time to file his memorandum (Doc. Nos. 26, 27) before timely filing it on December 7, 2015 (Doc. No. 28; "Plaintiff's Memorandum").

Upon review of Plaintiff's Memorandum, the undersigned observed that it did not comply with the undersigned's instructions set forth in the Scheduling Order.  Instead, Plaintiff's Memorandum essentially summarized or described paragraphs of the Complaint, while referencing records attached to the Complaint and indicating that other records are available on request.  As such, the undersigned entered an Order on December 16, 2015 explaining to Plaintiff the following:

> Plaintiff is advised that this Court's role is to review the final decision of the Social Security Administration as to his disability claim.  A federal court's review of the final decision is generally limited to the certified record.  Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985)).  As such, "evidence first presented to the district court [cannot] be considered" by the Court in deciding an appeal of a final decision as to disability.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007) (citation omitted).

> Here, Defendant has filed a certified record (Doc. No. 23), and the Court will consider only the certified record in rendering a decision on Plaintiff's appeal.  The Court may not accept and consider new evidence in support of Plaintiff's alleged disability, nor can the Court decide anew whether Plaintiff is disabled.  Rather, the Court will review the decision of the Social Security Administration to determine whether the correct legal standards were applied in denying Plaintiff's claim and whether the factual findings are supported by substantial evidence.  See, e.g., Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Upon review, the undersigned will issue a written report and recommendation to the district judge recommending a resolution with respect to Plaintiff's appeal of the Social Security Administration's final decision.  A copy of that report and recommendation will be mailed to Plaintiff when it is issued.

Order (Doc. No. 29) at 2-3.  Given Plaintiff's status as a pro se litigant, the undersigned permitted Plaintiff to file by January 15, 2016 an amended memorandum that complied with

the Scheduling Order, with Defendant's responsive memorandum being due March 15, 2016. Id.

Plaintiff sought and received two extensions of time to file his amended memorandum, and Defendant's deadline for filing a responsive was correspondingly extended (Doc. Nos. 30, 31, 32, 33).   The final deadline for Plaintiff's amended memorandum was April 15, 2016 and for Defendant's memorandum was June 14, 2016. See Order (Doc. No. 33).

On March 28, 2016, Plaintiff filed his "Motion Of Amended Memorandum" (Doc. No. 34; "Plaintiff's Amended Memorandum").  Attached to Plaintiff's Amended Memorandum are the ALJ's Decision, as well as a few medical records dated from December 2009 to February 2016.  See Pl.'s Am. Mem. at Ex. 1.  On June 9, 2016, Defendant responded by filing her "Memorandum in Support of the Commissioner's Decision" (Doc. No. 35; "Defendant's Memorandum").   Then, in violation of the Local Rules and the Court's Scheduling Order (both of which do not permit replies as a matter of course), Plaintiff on June 23, 2016 filed a "Counter Memorandum of Defendant" (Doc. No. 37; "Reply").  And, attached to the Reply are medical records dated from December 2009 to 2015. See Reply at Ex. 1.  Because the Reply is not permitted by the Local Rules or the Court's Scheduling Order, the undersigned could strike it.  In this instance, however, the undersigned considers it.[5]  Plaintiff is warned that future filings that do not comply with the rules are subject to being stricken.

---

[5]     Given Plaintiff's status as a pro se litigant, the undersigned has considered the file as a whole– including documents that were later amended.

**B. Discussion**

Filings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citations omitted). Nevertheless, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." N.L.R.B. v. McClain of Ga., Inc., 138 F.3d 1418, 1422 (11th Cir. 1998); see also T.R.C. ex rel. Boyd v. Comm'r, 553 F. App'x 914, 919 (11th Cir. 2014) (citing McClain in a social security appeal and noting that the appellant "fail[ed] to develop any arguments demonstrating that the ALJ erred in his conclusions . . ."); Keeler v. Fla. Dep't of Health, Div. of Disability Determinations, 397 F. App'x 579, 580 n.1 (11th Cir. 2010) (citing Tannenbaum, 148 F.3d at 1263) (stating that "issues not raised in the district court are deemed waived").

Here, despite being prompted on two occasions and despite having filed an Initial Memorandum, an Amended Memorandum, and a Reply, Plaintiff raises very few issues for the Court's consideration, and the issues he does raise are not supported by any citation to authority or to medical evidence in the administrative transcript. In Plaintiff's Amended Memorandum, which is discussed in more detail below, Plaintiff simply quotes the ALJ's findings at each of the five steps in the sequential evaluation process and states whether he agrees or disagrees with those findings and the reasons for the agreement or disagreement. Defendant, on the other hand, argues in detail why the ALJ's Decision should be affirmed. See generally Def.'s Mem. Then, in the Reply, Plaintiff essentially

invites the Court to reweigh the evidence that was before the ALJ (which the Court previously advised Plaintiff it cannot do, see Order (Doc. No. 29)) and to consider new evidence (which the Court previously advised Plaintiff it cannot do, see id.). See Reply at 1-2. Plaintiff's contentions are discussed in turn.

### 1. Date Last Insured

In Plaintiff's Amended Memorandum, Plaintiff states he disagrees with the ALJ's finding that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2012. Pl.'s Am. Mem. at 4; see Tr. at 22 (date last insured finding). According to Plaintiff, "the hospital records attached to the original complaint show[] that the Plaintiff was uninsured for the reasons of being se[lf] employed working under 1099 contracts." Pl.'s Am. Mem. at 4. It appears Plaintiff misunderstands the ALJ's finding. The ALJ did not make a finding with respect to whether Plaintiff had sufficient medical insurance; rather, the ALJ made a finding with respect to whether Plaintiff met the insured status requirement to obtain DIB. See Tr. at 22; see also Moncrief v. Astrue, 300 F. App'x 879, 880 n.1 (11th Cir. 2006) (stating that "a claimant must demonstrate disability on or before the last date on which she was insured in order to be eligible for DIB"). The ALJ's finding that Plaintiff was last insured for DIB through June 30, 2012 is supported by substantial evidence in the administrative transcript. See, e.g., Tr. at 397, 401, 417, 421, 431, 462 (listing Plaintiff's date last insured as June 30, 2012).

### 2. Step One Finding

Next, Plaintiff states that he agrees with the ALJ's finding at step one of the sequential evaluation process that he did not engage in substantial gainful activity during

the period from his alleged onset date of December 26, 2009 through his date last insured
of June 30, 2012.  Pl.'s Am. Mem. at 5; see Tr. at 22 (step one finding).

### 3. Step Two Finding

Regarding the finding at step two,[6] Plaintiff agrees with the ALJ's determination that
Plaintiff suffers from severe impairments of status post a hernia; multiple fractures as a
result of a motorcycle accident; disorders of the knee, wrist, and elbow; traumatic brain
injury; affective disorder; memory impairment; and obesity.  Pl.'s Am. Mem. at 5; see Tr. at
22 (step two finding).  Plaintiff adds, however, that "even after the hernia surgery there [are]
still abdominal issues that need treatments."  Pl.'s Am. Mem. at 5.  Also, Plaintiff discusses
that he has issues with his back, including a fracture and degenerative disc disease.  Id.
Construed liberally, then, Plaintiff appears to contend that the ALJ erred at step two by
leaving out as severe impairments his continued "abdominal issues" and his back issues.

"The finding of any severe impairment, based on either a single impairment or a
combination of impairments, is enough to satisfy step two because once the ALJ proceeds
beyond step two, he is required to consider the claimant's entire medical condition, including
impairments the ALJ determined were not severe."  Burgin v. Comm'r of Soc. Sec., 420 F.
App'x 901, 902 (11th Cir. 2011) (unpublished).  To be sure, "[n]othing requires that the ALJ

---

[6]     An ALJ determines whether a claimant suffers from a severe impairment at step two of
the sequential evaluation process. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can
be considered as not severe only if it is a slight abnormality which has such a minimal effect on the
individual that it would not be expected to interfere with the individual's ability to work." Brady v. Heckler,
724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be
measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely
medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir.
1986). A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146
n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or
combination of impairments").

must identify, at step two, <u>all</u> of the impairments that should be considered severe." <u>Heatly</u>

<u>v. Comm'r of Soc. Sec.</u>, 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished) (emphasis

added).  When an ALJ identifies one or more impairments at step two, any error in omitting

a particular severe impairment at step two is harmless if "the ALJ considered all of [the]

impairments in combination at later steps in the evaluation process." <u>Burgin</u>, 420 F. App'x

at 903 (citation omitted); <u>see</u> <u>Heatly</u>, 382 F. App'x at 825.

Because the ALJ found a number of severe impairments at step two, he did not err

at this step.  <u>See</u> <u>Burgin</u>, 420 F. App'x at 902;  <u>Heatly</u>, 382 F. App'x at 825.  Even if the ALJ

left out the continued abdominal issues and back problems, the Decision makes clear that

he considered them at later steps.   <u>See</u> Tr. at 25-33 (discussing medical evidence).

Accordingly, the undersigned finds no error at step two.

### 4.  Step Three Finding

Plaintiff disagrees with the ALJ's finding at step three that he does not have an

impairment or combination of impairments that met or medically equaled the severity of the

Listings.  Pl.'s Am. Mem. at 5-6; <u>see</u> Tr. at 22 (step three finding).  Plaintiff argues:

> [P]art of the statement is incorrect and based on improper information and incomplete medical records. The recent discharge instructions even reflect the damage that is listed on the other attached medical documents. That reflects the neurologist[']s finding from the EMG Laboratory test as well as being permanent damage.

Pl.'s Am. Mem. at 6.  Plaintiff's argument is not particular enough to allow for meaningful

review of the ALJ's step three finding.  The undersigned finds that the ALJ did not err at this

step.

### 5.  RFC Finding

Plaintiff contends the RFC finding that Plaintiff can perform light work with additional restrictions is flawed.  Pl.'s Am. Mem. at 6; see Tr. at 24-25 (RFC finding).  Plaintiff complains that the finding is "biased" and is based on "only part o[f] the complete medical reports."  Pl.'s Am. Mem. at 6.  Plaintiff states he had no health insurance and was "denied the needed medical examination and treatments."  Id.  Plaintiff also states that he has back and nerve problems.  Id.  Finally, Plaintiff claims that he "was denied the needed prescribed braces . . . for his left arm and lost access to his wheelchair" that caused him to attempt to use a cane "[a]nd in turn caused multiple falls and trips to the Emergency Room at the hospital."  Id. at 6-7.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1545(a)(5).  In assessing a claimant's RFC, an ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ discussed in detail the medical evidence and the reasons for the assigned RFC, Tr. at 24-33, and the assigned RFC is supported by substantial evidence.

As noted by the ALJ, Plaintiff was given "some benefit of the doubt" with the determination that Plaintiff is able to perform light work with additional restrictions. Tr. at 31. Regarding Plaintiff's other points, the ALJ specifically found that Plaintiff's testimony about being in a wheel chair for the one and one-half years prior to the July 24, 2014 hearing and Plaintiff's trip to the emergency room in April 2014 was not relevant to the determination of whether Plaintiff was disabled on or before his date last insured of June 30, 2012. Tr. at 25. The ALJ also found that the medical evidence did not establish that an assistive device was medically required during the time in question. Tr. at 32-33. Finally, Plaintiff's statement about not having health insurance does not affect the ALJ's RFC finding. Indeed, the administrative transcript contains more than 2000 pages, most of which are medical records, that gave the ALJ sufficient information to develop the RFC despite Plaintiff's claimed lack of medical insurance.

### 6. Step Four Finding

Plaintiff agrees with the ALJ's finding at step four of the sequential evaluation process that through the date last insured, he was unable to perform his past relevant work. Pl.'s Am. Mem. at 7; see Tr. at 33 (step four finding).

### 7. Step Five Finding

Plaintiff disagrees with the ALJ's finding at step five that through the date last insured, he was capable of performing other work that existed in significant numbers in the national economy. Pl.'s Am. Mem. at 9; see Tr. at 33-34 (step five finding). Plaintiff contends that "[n]o company given the Plaintiff['s] medical and mental disorders would consider Plaintiff [sic] inability to perform." Pl.'s Am. Mem. at 9. Plaintiff also states that his

left arm restrictions and mental restrictions would preclude work. Id. Plaintiff contends that the VE's testimony cannot be credited because he "has no medical training to back up his findings." Id.

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See Wilson, 284 F.3d at 1227 (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted).

As to Plaintiff's first point, the proper inquiry is not whether he would be hired by any specific company; rather, it is whether he can perform work that exists in significant numbers in the national economy. See Phillips, 357 F.3d at 1239 (stating that "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform"). Regarding Plaintiff's second point, as stated above, the ALJ properly found that despite Plaintiff's left arm problems and mental issues, he was capable of performing light work with additional restrictions. As to Plaintiff's third point, the VE is not required to have specific medical training. Rather, the VE is an expert on vocation: i.e., employment.

### 8.  Other Matters

As stated above, Plaintiff attaches a number of medical records to his filings.  Some are duplicative of the medical evidence that is already included in the administrative transcript.  The records that are not duplicative are dated after the final decision of the Commissioner and cannot be reviewed by this Court.  See, e.g., Ingram, 496 F.3d at 1267-68.  Construed liberally, Plaintiff's filings may seek a remand pursuant to sentence six of Title 42, United States Code, Section 405(g).  That sentence provides in part: "The Court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"  42 U.S.C. § 405(g).  Plaintiff's request for a sentence six remand is due to be denied because the new evidence is not material to the determination of whether he was disabled on or before June 30, 2012.

Finally, in Plaintiff's Reply, he mentions the initial order of the Appeals Council that remanded the case to the ALJ and directed further review.  Reply at 2.  Plaintiff contends the ALJ "failed" to "review the case with depper [sic] medical records" as instructed by the Appeals Council.  Id.  The undersigned is not entirely sure what Plaintiff means by that sentence.  In any event, as explained above, this Court's role is to review the final decision of the Commissioner, and the undersigned finds no error in that decision.

### V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**RECOMMENDED THAT**:

1.      The Clerk of Court be directed to enter judgment pursuant to sentence four

of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision; and

2.      The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 27, 2016.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of record

Lawrence Dean LaRue
7025 Lenox Ave.
Jacksonville, Florida 32205

-18-